IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KARI C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-797-KFP |
| | ) | |
| FRANK BISIGNANO,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Kari C. filed a Complaint seeking review of the Social Security Administration's decision denying her application for disability and disability insurance benefits. Doc. 1. The Court construes Claimant's supporting brief (Doc. 14) as a motion for summary judgment and the Commissioner's opposition brief (Doc. 17) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). Docs. 11, 12.

After scrutiny of the record and the pending motions, the Court finds that Claimant's motion for summary judgment is due to be DENIED, the Commissioner's motion for

---

[1] Frank Bisignano is now the Commissioner of Social Security and is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure. *See* § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.    STANDARD OF REVIEW

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla" – i.e., the evidence "must do more than create a suspicion of the existence of the fact to be established," and must include "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (first citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); and then citing *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).

## II.    BACKGROUND

On April 23, 2021, Claimant filed an application for disability insurance benefits, alleging disability beginning February 4, 2020. R. 17. On July 26, 2022, the claim was denied initially, and again upon reconsideration on August 22, 2023. R. 17. Claimant then requested a hearing with an administrative law judge (ALJ), and a hearing was held on March 27, 2024, where both the Claimant and an impartial vocational expert (VE) testified. R. 17, 27, 42–47. On April 30, 2024, the ALJ issued a notice of unfavorable decision, finding Claimant not disabled. R. 17–28. On October 18, 2024, Claimant's request for review was denied by the Appeals Council (R. 1–6), and Claimant initiated this action on December 11, 2024 (Doc. 1). Claimant has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

On the alleged disability onset date, Claimant was 46 years old. R. 27. At the time of the ALJ's decision, Claimant was 50 years old. R. 27. Claimant has at least a high school education. R. 27. Claimant's past work experience includes sous chef, instructor, business education, clergy member, case worker, and resident care aide. R. 26. The vocational expert testified that Claimant could no longer perform past work. R. 26–27.

Based on a review of the record, the ALJ found that Claimant had the following severe impairments: degenerative disc disease, degenerative joint disease of the knees, hypertension, migraine headaches, post-concussion syndrome, depressive disorder, anxiety disorder, and posttraumatic stress disorder (PTSD). R. 19.

The ALJ found that Claimant has the residual functional capacity (RFC) to perform light exertion work with some additional limitations, including: "no climbing ladders or

scaffolds; occasional climbing ramps and stairs; occasional stooping, kneeling, crouching or crawling; no concentrated exposure to extreme cold, heat, or vibration; no exposure to unprotected heights, moving machinery, open bodies of water, or open flames;" as well as "no exposure to more than an industrial noise intensity level as defined by the DOT/SCO; no exposure to light brighter than that typically found in an indoor work environment such as an office or retail store;" and that Claimant can "understand, remember, and carryout [*sic*] detailed but not complex instructions" and allow for only "occasional changes in the work setting." R. 22.

Based upon the RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, such as an office mail clerk, apparel stock checker, and office helper. R. 27–28. Accordingly, the ALJ determined that Claimant is not disabled.

## III.    ISSUES ON APPEAL

On appeal, Claimant argues that the ALJ's RFC finding fails to account for the total limiting effects of the duration and frequency of Claimant's migraines.

## IV.    DISCUSSION

Claimant argues that the ALJ's RFC finding was not supported by substantial evidence. Claimant avers "the ALJ never affirmatively stated that [Claimant] does not have headaches severe enough to incapacitate her for periods of time." Doc. 14 at 10. Based on this, Claimant contends the RFC is not supported by substantial evidence and fails to

"account[] for the 'off task time' associated with the frequency and duration of her severe migraine headaches." *Id.* at 2.[2]

"A severe impairment is one that significantly limits the claimant's ability to do basic work activities." *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896, 897 (11th Cir. 2010) (per curiam)[3] (citing *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)). "A determination that the Claimant's migraines are a severe impairment means the ALJ found the migraines significantly limited the Claimant's physical and/or mental ability to do basic work activities." *Dial v. Comm'r of Soc. Sec.*, 2020 U.S. Dist. LEXIS 167441 at *12–13 (M.D. Fla. Sept. 14, 2020) (citing 20 C.F.R. § 404.1520(c)); *see also Raduc*, 380 F. App'x at 898.

"The RFC 'is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments. Along with [her] age, education and work experience, the claimant's residual functional capacity is considered in determining whether the claimant can work.'" *Malak v. Comm'r of Soc. Sec.*, 131 F.4th 1280, 1285–86 (11th Cir. 2025) (alterations in original) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. §§ 404.1545(a),[4] 404.1520(f))). "In making the RFC determination, the ALJ must consider all the record evidence, including

---

[2] Claimant concedes the ALJ's RFC finding which included "limitations related to bright lights and noise" was a "*partial* accounting for the limitations caused by [her] chronic headaches." Doc. 14 at 10.

[3] Here, and elsewhere in this Opinion, the Court cites to nonbinding case law. While these cases are not precedential, the Court finds them persuasive.

[4] "When you have severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment . . . we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity." 20 CFR § 404.1545

evidence of non-severe impairments." *Raduc*, 380 F. App'x at 898. "A claimant's RFC is reserved to the determination of the ALJ and is concluded based on the relevant medical evidence and other evidence included in the case record." *Smith v. Saul*, 413 F. Supp. 3d 1140, 1144 (N.D. Ala. 2019) (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)). "A claimant's statements about the frequency, intensity, and duration of her symptoms will only impact her RFC to the extent they are consistent with other evidence of record." *Id.* (citing 20 C.F.R. §§ 404.1529, 416.929). "[T]he regulations do not require ALJs to adopt into an RFC every part of an opinion that they otherwise find persuasive." *Sanders v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 60442, at *11 (M.D. Fla. Mar. 31, 2022). An RFC determination "may contain both exertional and nonexertional limitations." *Walker v. Saul*, 533 F. Supp. 3d 1055, 1058 (M.D. Ala. 2020).

Here, the ALJ found that, in addition to other severe impairments, Claimant suffered from the severe impairment of migraine headaches, but that this condition did not "meet[] or medically equal[] the severity" of a listed impairment. R. 19–20. The ALJ then assessed Claimant's RFC to determine "what the claimant is still able to do despite the claimant's impairments." *Walker*, 533 F. Supp. 3d at 1058. The ALJ found that Claimant's impairments could reasonably be expected to cause her alleged symptoms. R. 23. The ALJ then included an exhaustive recounting of evidence in the record concerning the diagnosis and treatment of Claimant's migraines. R. 24–26 (citing to R. 428–29, 432, 439, 523, 698, 803, 812, 895, 1023, 1107, 1009, 1112). Among the evidence cited was a state agency medical consultant's opinion noting Claimant had difficulty with noise and occasional dizziness due to migraines, and thus, the consultant recommended environmental

6

limitations including avoidance of heights, moving machinery, and open flames when having a migraine. R. 64–65. The ALJ found this opinion "persuasive as environmental limitations are consistent with the record documenting subjective dizziness with migraines." R. 26.[5]

Claimant's challenge solely involves whether the ALJ wrongfully excluded a "nonexertional" limitation that would take into account Claimant's "off-task" time. Doc. 14 at 7, 10, 12. While Claimant argues that the ALJ's failure to include such a limitation is a failure that requires reversal and remand, Claimant cites to no evidence in the record establishing that the ALJ omitted a limitation that should have been included. Instead, Claimant conflates the issue by comparing the alleged omission of "nonexertional" limitations to those situations in which an ALJ failed to impose *any* RFC limitations for an impairment the ALJ decided was a severe impairment.[6] The cases Claimant cites are distinct because Plaintiff has already acknowledged that the RFC finding included "limitations related to bright lights and noise" and was a "*partial* accounting for the

---

[5] The state agency medical consultant also made a recommendation that Claimant can "stand and/or walk (with normal breaks) for a total of . . . [a]bout 6 hours in an 8 hour workday." R. 64. The consultant further recommended that Claimant can "[s]it (with normal breaks) for a total of: About 6 hours in an 8 hour workday." R. 64. The consultant noted that the basis for these recommendations was Claimant's "back pain" and "DDD." R. 64. The Claimant does not raise any argument concerning this recommendation.

[6] *See Raduc*, 380 F. App'x at 898–99 (finding that "the ALJ did not meaningfully conduct the proper legal analysis about the effect of Raduc's IBS on her RFC" when the ALJ "apparently dismissed IBS-related limitations."); *see also Dial*, 2020 U.S. Dist. LEXIS 167441, at *15–16 (reversing and remanding the ALJ's decision "to allow the ALJ to explain whether the Claimant's migraines cause any functional limitations" when the ALJ found the Claimant's migraines to be a severe impairment, but included no limitations in the RFC determination); *Cassidy v. Comm'r of Soc. Sec.*, 2025 U.S. Dist. LEXIS 38001, at *9–11 (M.D. Fla. Mar. 4, 2025) (remanding the ALJ's decision when the ALJ found Claimant's migraine headaches to be a severe impairment yet failed to "articulate what significant limitations migraine headaches caused").

limitations caused by [her] chronic headaches." Doc. 14 at 10. Unlike the cited cases, here the ALJ did impose RFC limitations for an impairment the ALJ decided was a severe impairment.

In addition, the ALJ provided explanation as to why those limitations were listed. Claimant concedes that the ALJ's RFC included a limitation related to bright lights and noise. Doc. 14 at 10. Likewise, the ALJ's RFC discussion notes that the state agency medical consultant's opinion was adopted to the extent that it recommended "environmental limitations" connected to Claimant's reported "dizziness with migraines." R. 26. In the RFC finding, the RFC specifically limits noise exposure to "no . . . more than an industrial noise intensity level as defined by the DOT/SCO" as well as "no exposure to light brighter than that typically found in an indoor work environment such as an office or retail store." R. 22. Further, the state agency consultant provided Claimant "[w]ill have occasional dizziness w/ migraines. Should avoid heights, and hazards of moving machinery and open flames when having a migraine." R. 65. This recommendation was also incorporated as an additional limitation in the RFC: "no climbing ladders or scaffolds;" and "no exposure to unprotected heights, moving machinery . . . or open flames." R. 22.

Claimant is essentially asking this Court to reverse the ALJ's finding for failing to articulate "off task time" as an additional limitation in this list. However, she points to nothing in the record showing the ALJ rejected evidence concerning off task time. In an unpublished case from one of this Court's sister districts, a plaintiff made a similar argument, alleging "the ALJ erred by not including a restriction in the RFC that Plaintiff would be off task up to one-third of the workday." *Scroggins v. Comm'r of SSA*, 2023 U.S.

Dist. LEXIS 222822, at *15 (S.D. Fla. Dec. 14, 2023). In that case, the plaintiff alleged that her argument was supported because the ALJ found the state agency psychological consultants' opinion to be persuasive and those same consultants allegedly made a recommendation that the claimant would be off task for one-third of the workday. *Id* The consultants in that case commented that "Plaintiff 'may experience occasional interruptions from psychologically based symptoms.'" *Id.* at *16. The plaintiff then argued that use of the word "occasional" was the use of a term of art which in social security cases equates to approximately "one-third of the time"; thus, the plaintiff argued that use of the word "occasional" was a finding that "Plaintiff would be off task for 2.64 hours per day," or "1/3 . . . of an 8-hour workday." *Id.* at *16 n.3. The Court concluded that such a finding would not be supported by the evidence, and, alternatively concluded that "even if the consultants' use of the term occasional in this context could be read as Plaintiff contends, an ALJ need not address every recommendation made by a medical source in her decision." *Id.* at *16–17.

If the ALJ were to input an RFC finding without evidence in the record to support it, the ALJ's finding would be in error. *See Davis v. Astrue*, 478 F. Supp. 2d 1342, 1350 (N.D. Ala. 2007) (reversing the ALJ's decision as "there is no evidence in the record supporting the ALJ's conclusion that the plaintiff's headaches occurred in a predictable manner."). Similarly, this principle is applied when an ALJ's RFC finding imposes an off-task time constraint on a claimant without bridging the gap between the evidence and the finding. *See Rios v. Acting Comm'r of the SSA*, 2023 U.S. Dist. LEXIS 161584, at *20 (M.D. Fla. Sept. 12, 2023) ("[T]he ALJ's failure to explain the 10% time off limitation is

particularly troublesome because a higher percentage may have been outcome determinative."); *see also Tammy C. v. Comm'r of Soc. Sec.*, 2021 U.S. Dist. LEXIS 262534, at*34 (N.D. Ga. Sept. 30, 2021) ("'[C]ourts addressing a specific percentage of time off-task' . . . have found a remand was warranted where '[w]ithout any explanation, a reviewing court must guess from where the [specific] percent figure came and why this limitation adequately accounts for [a claimant's] limitations.'" (second, third, and fourth alterations in original)); *see also Caruthers v. Comm'r of Soc. Sec.*, 2025 U.S. Dist. LEXIS 2279, at *11–12 (M.D. Fla. Jan. 7, 2025) ("[T]he Court cannot discern whether the ALJ's findings in the RFC assessment that Plaintiff would be off task an average of 5% each hour and miss on average one day of work each quarter . . . is supported by substantial evidence.").

Ultimately, Claimant's argument that the ALJ should be reversed for failing to include "off-task time associated with her headaches" is effectively asking the Court to reweigh the evidence presented to the ALJ and make a new finding concerning the inclusion of off-task time as a limitation. Pursuant to the deferential standard governing the Court's review, *McRoberts*, 841 F.2d at 1080, the Court is obligated to determine whether substantial evidence *supports* the ALJ's decision: not "re-weigh[] the evidence" underlying the ALJ's decision, *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Here, the ALJ's RFC finding stated that environmental limitations related to "dizziness" were included as limitations related to Claimant's migraines, and Claimant concedes that the RFC's light and noise limitations are also related to her migraine condition. R. 22, 26. For these reasons, the Court finds the ALJ's decision is supported by substantial evidence.

## V.    CONCLUSION

For the reasons set forth above, the undersigned finds that the ALJ's determinations are supported by substantial evidence and that the ALJ correctly applied the law. Accordingly, it is ORDERED as follows:

1.    Plaintiff's Motion for Summary Judgment (Doc. 14) is DENIED;

2.    The Commissioner's Motion for Summary Judgment (Doc. 17) is GRANTED; and

3.    The Commissioner's decision is AFFIRMED.

A final judgment will be entered separately.

DONE this 25th day of June, 2025.


/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE